John BRITT, a legally incapacitated person, by Minnie Britt, Guardian, Plaintiff,

Minnie Alice Britt, Guardian of John Britt, a legally incapacitated person, Plaintiff–Appellant,

v.

Mark FOX; Fraser Firm; Michigan Municipal Risk Management Authority, Defendants–Appellees.

No. 03–2223.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2004.

Minnie Alice Britt, Mt. Morris, MI, pro se.

Mark R. Fox, Fraser, Trebilcock, Davis & Foster, Lansing, MI, pro se.

James T. Mellon, Mellon, McCarthy & Pries, Troy, MI, for Defendants–Appellees.

Before: GUY and SUTTON, Circuit Judges; and CARR, District Judge.*

## ORDER

John Britt appeals pro se through his guardian, Minnie Alice Britt, from the district court's dismissal of a civil action in which he alleged violations of due process and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. The appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Britt sued a lawyer, a law firm, and an insurance agency primarily alleging improprieties regarding his attorneys' performance in a prior state court case. The district court dismissed Britt's current case *sua sponte* on August 18, 2003, as his allegations amounted to a legal malpractice claim that did not provide a sufficient basis for federal jurisdiction. *See* Fed.R.Civ.P. 12(b)(1).

■ We review the dismissal of this case *de novo*. *See Madison–Hughes v. Shalala*, 80 F.3d 1121, 1123 (6th Cir.1996). Britt has not alleged all of the material elements that are required to support a RICO claim. In this regard, we note that he has not alleged any of the predicate acts that are specifically listed in 18 U.S.C. § 1961(1). Therefore, the district court properly dismissed his RICO claim because his conclusory assertions did not satisfy the basic requirements of the statute. *See Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 494–95 (6th Cir.1990).

■ Britt now argues that he intended to raise a civil rights claim regarding racketeering, the denial of due process, and obstruction of justice. However, he has not raised a viable civil rights claim because the named defendants are not state actors who may be liable under 42 U.S.C. § 1983. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Moreover, his suggestion that the defendants had a conspiratorial relationship with one another is speculative at best. *See Kensu v. Haigh*, 87 F.3d 172, 175–76 (6th Cir.1996).

■ Britt also argues that the district court violated the Americans with Disabilities Act by not appointing counsel to represent him in the instant case. This argument is unpersuasive because he does not have a constitutional right to counsel in a civil proceeding and because he did not demonstrate exceptional circumstances that might justify the appointment of counsel in the case at hand. *See Lavado v. Keohane*, 992 F.2d 601, 604–06 (6th Cir. 1993).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.